# EXHIBIT 14

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER; T.R., by and through his parent, TARA BLUNT; TARA BLUNT; A.J., by and through his parent, KAREN JOSEFOSKY; and KAREN JOSEFOSKY,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; and CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights,<br><br>*Defendants.* | Case No. 1:25-cv-11042-MJJ |

### DECLARATION OF CRAIG HALLER

Pursuant to 28 U.S.C. § 1746, I, Craig Haller, hereby declare and state as follows:

1. I am a resident of Massachusetts. I am over the age of 18 and have personal knowledge of all the facts stated herein. If called as a witness, I could and would testify competently to the matters set forth below.

2. This declaration is submitted in support of Plaintiffs' request for entry of a preliminary injunction.

3. I have been a special education advocate for over twenty years. Through Haller Advocacy, a sole proprietorship, I provide pro bono assistance to parents with disabled children. I started Haller Advocacy because I personally know the difficulties faced by families with disabled children. I have two severely disabled children of my own, and have advocated on their behalf for decades.

1

4. Haller Advocacy offers special education resources to parents and students fighting to obtain the best educational services and programs to meet their children's needs.

5. Throughout my years as a special education activist, I have worked with therapists, teachers, doctors, legislators in the Massachusetts State House, and agencies of the Commonwealth of Massachusetts such as the Department of Health and Attorney General. I have also been the Co-Chairman of the Brookline, Massachusetts Special Education Parent Advisory Council, a parent group that advises Brookline's School Committee and Public Schools Administration on issues affecting disabled students, and I continue to advise the Council.

6. In my experience, the United States Department of Education's ("Department") Office for Civil Rights ("OCR") has been an invaluable resource for students with disabilities.

7. I have filed many complaints with OCR on behalf of disabled students and relied on OCR to investigate and resolve complaints, help schools develop protocols to support students with disabilities, and ensure that schools implement those protocols effectively in the long term.

8. Most recently, I filed an OCR complaint in January 2025 against Brookline, Massachusetts Public Schools seeking help to address systemic discrimination against students with disabilities. The basis for my complaint is that the school district redirected federal funds earmarked for special education services, while funds for other programs were not similarly diverted. According to multiple parents of students with disabilities and employees of the school district, the district delayed payments to special education service providers for months as a result. Multiple families have reported experiencing long delays in obtaining services their children need for their disabilities, and that their children had to miss sessions with providers.

9. On March 11, 2025, Secretary of Education Linda McMahon announced that the Department initiated a massive reduction in force ("RIF"). In connection with the RIF, OCR closed its Boston office.

10. The RIF has had an immediate and negative impact on my complaint. When I have filed OCR complaints in the past, I have received communications from OCR on a reasonably timely basis. Also, when I called OCR about other complaints, I was able to discuss my complaint with a member of the staff at the Boston office.

11. OCR has not provided me with a single update in the approximately three months since I filed my complaint. In fact, I do not know which office, if any, is addressing the complaint. I have tried to reach OCR by phone, but no one has answered.

12. OCR would have been immeasurably helpful in investigating the diversion of these critical funds to special education services and ensuring that students with disabilities have appropriate access to services and providers they need. Now, to my knowledge, because of the RIF and office closures, disruptions to special education services continue unabated in the Brookline school district. As a result, disabled and special education students are not receiving services or compensatory services they need and to which they are entitled.

I declare under penalty of perjury that, to the best of my knowledge, the following is true and correct. Executed this 2nd day of May, 2025.

/s/ Craig Haller
Craig Haller

3