# **EXHIBIT 17**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER; T.R., by and through his parent, TARA BLUNT; TARA BLUNT; A.J., by and through his parent, KAREN JOSEFOSKY; and KAREN JOSEFOSKY,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; and CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights,<br><br>*Defendants*. | Case No. 1:25-cv-11042-MJJ |

## DECLARATION OF STACY MALONE

I, Stacy Malone, declare as follows:

1. I am the Executive Director of Victim Rights Law Center ("VRLC"). I am over 18 years old. I have personal knowledge of all the facts stated herein. I submit this declaration in support of the Plaintiffs' motion for a preliminary injunction. If called as a witness, I would testify competently to the facts stated below.

2. I have been VRLC's Executive Director since October 2010. In that position, I manage the strategic direction, operations, and development for VRLC's national programs and direct services. I also oversee the organization's management team, finance, fundraising and development, media relations, human resources, and project development. As a result, I am familiar with and have participated in the organization's education-related civil rights work as an

attorney, mentor, and supervisor. I oversee VRLC's seven attorneys who manage most of its education-related cases in K-12 and higher education settings.

3. Founded in 2003, VRLC is a nonprofit organization headquartered in Massachusetts dedicated solely to serving the legal needs of victims of sexual and gender-based violence, including rape, sexual assault, dating violence, and stalking. VRLC's mission is to help victims of such violence get the legal recourse they need to rebuild their lives and to promote a national movement committed to seeking justice for every victim.

4. As part of that mission, VRLC: (1) provides direct legal services to victims of rape, sexual assault, dating violence, and stalking, including in investigations by the Department of Education's Office for Civil Rights ("OCR"); (2) counsels and trains attorneys, advocates, and school administrators nationwide about the legal rights of victims of sexual and gender-based violence and the remedies available to them when they face sexual harassment or abuse; and (3) reviews and provides advice on school policies and procedures to ensure they accurately describe the legal rights and remedies available to such victims.

5. These core activities are essential to VRLC's mission. In fact, grant conditions require VRLC to perform many of them or risk losing funding.

6. The reduction in force ("RIF") and office closures at OCR interfere with these key functions. Because of the RIF, VRLC can no longer represent students in OCR investigations, meaning it must turn away potential clients and will not be able to provide further assistance to many clients it represents. This will damage VRLC's client relationships and reputation in the communities it serves. In addition, VRLC must divert hours of time and resources to investigating and advising attorneys, advocates, and other stakeholders nationwide about alternative state and

local remedies and to revising training materials, policies, and procedures, which takes time and resources away from other critical projects VRLC's staff must perform.

## The RIF interferes with VRLC's direct representations

7. As a core aspect of its practice, VRLC provides direct representation to survivors of sexual and gender-based violence in school settings. VRLC's services ensure that survivors can stay in school, protect their physical safety, meet their academic needs, preserve their employment or scholarships, and maintain their housing in order to rebuild their lives.

8. VRLC receives grants from the U.S. Department of Justice's Office on Violence Against Women ("OVW") to represent victims of sexual assault, dating violence, and stalking in legal matters, including before administrative agencies like OCR. As a condition of that grant funding, VRLC is required to dedicate 80% of its representation activities to sexual assault victims. Because almost half of VRLC's clients are children or young adults, a substantial portion of our practice is providing education-related legal consultation and representation. VRLC assists clients in internal school Title IX grievance procedures, obtaining supportive measures under Title IX and Section 504 accommodations for disabilities caused or aggravated by post-sexual-assault trauma, and in filing administrative complaints when their schools violate Title IX or Section 504.

9. As a crucial part of that work, VRLC attorneys frequently represent students in OCR investigations. Our attorneys advise students about the OCR process, prepare and file OCR complaints on students' behalf, collect facts and conduct legal research into potential claims, and assist students during the investigation. VRLC employs seven attorneys who represent students in OCR investigations.

10. Clients who rely on OCR often need time-sensitive relief. For example, a middle-school student sought services from VRLC after a school employee disseminated a sexually

explicit image of her. The school failed to respond to her complaint and the student experienced ongoing sexual harassment from classmates and retaliatory discipline from administrators. OCR mediated a resolution, resulting in the school agreeing to send the student to an out-of-district placement where she was able to access her education safely through her graduation. Without OCR's involvement, it is very likely she would not have completed high school.

11. In 2024, VRLC represented seven students in ongoing OCR investigations. Four of those investigations were closed before President Trump took office, and three remain pending. In all cases, the clients are seeking policy reforms and training for administrative and investigative staff implementing Title IX. In one case, a client is also seeking reimbursement for out-of-pocket costs associated with mental health treatment and transferring schools.

12. All of these complaints were pending in OCR's Boston office, which is now closed. Since March 11, 2025, when the Boston office closed, VRLC has attempted several times to contact OCR to ascertain the status of its pending cases, but it has not received any response.

13. Due to the RIF and the closure of OCR's Boston office, OCR is now unlikely to provide VRLC's clients with timely or meaningful relief.

14. As a result, VRLC can no longer advise students to pursue relief through the OCR process. Our attorneys have had to spend hours of time and significant resources to investigate other avenues to relief for our clients and prospective clients and advise them accordingly.

15. Due to the RIF, VRLC will be able to help fewer people. VRLC cannot represent people in civil lawsuits because of conditions on its funding. Now that OCR is an unviable path to relief, VRLC has no way to seek recourse for many victims whose schools violate their rights under Title IX or Section 504. As a result, VRLC has had to turn down multiple representations and expects to have to turn down more for the same reason.

16. The need to turn away so many students who seek VRLC's help will damage VRLC's standing and reputation in the communities it serves. Most clients learn about VRLC from community and campus-based advocates who have come to trust VRLC's attorneys. Advocates often reach out before referring potential clients to share case details. At that point, VRLC assesses capacity and confirms that it is an appropriate referral. If VRLC attorneys repeatedly turn clients away because there is no meaningful relief we can offer those clients without OCR, we will lose that trust and advocates will make fewer referrals to VRLC.

**The RIF requires VRLC to divert time to investigate state and local remedies nationwide**

17. The RIF has also required VRLC to divert time and resources from other projects to conduct the complex and time-consuming research required to provide consultation and advice to attorneys and advocates across the country who need alternative remedies for their clients.

18. VRLC receives grant funding from the Office of Violence Against Women (OVW) to provide nationwide consultation and support for other legal advocates, civil attorneys, and campus professionals who work with survivors of gender-based violence. A condition of that grant funding requires VRLC to deliver consultation and advice to OVW-funded legal advocates and civil attorneys on legal issues that arise in primary and secondary educational institutions involving survivors of sexual assault, dating violence, or stalking.

19. VRLC employs three full-time staff, including two attorneys, who dedicate their time to reviewing such education-related requests, conducting research necessary to address them, and to counseling the person seeking advice. Three other staff attorneys advise on education-related matters in addition to other subjects. These attorneys field requests from attorneys, advocates, and professionals in 56 different United States jurisdictions.

5

20. In the last twelve months, VRLC provided approximately ninety consultations to legal advocates and attorneys on education-related matters.

21. Because of the RIF, VRLC's attorneys have had to field more requests for advice than they did before. Attorneys and advocates from multiple jurisdictions have reached out to VRLC for advice about alternative administrative remedies available now that OCR is unable to provide prompt or effective relief. These requests have required VRLC attorneys to conduct hours of research that they did not have to conduct when OCR was a viable path to relief.

22. The research these requests require is especially complex and time-consuming. To counsel attorneys about OCR, VRLC often did not need to conduct any research because OCR's procedures are uniform and available to students, families, and advocates nationwide, and because VRLC's staff was already familiar with the OCR process. Now, however, VRLC's staff must conduct hours of jurisdiction-specific research to determine the alternative options available to victims in particular states and territories about which VRLC has little or no prior familiarity.

23. The work to conduct such research and provide such advice takes hours of time away from other tasks these attorneys perform, such as training organizations on the intersection between special education services and sexual assault, drafting legal resources such as practice manuals, or creating topical jurisdiction-specific FAQs to support the anti-sexual violence field.

24. As an illustrative example, in March 2025 after the reduction in force, an OVW-funded attorney reached out to VRLC for consultation because the OCR regional office in their jurisdiction had closed. That attorney represented a student who was sexually assaulted at school and reported it to a school employee, but the school's response punished the student and did not comply with Title IX requirements. Because the OCR regional office in the student's jurisdiction was closed, and the reduction in force made it unlikely that any OCR complaint would be promptly

resolved, the attorney was seeking another way to hold the school accountable and provide relief for the student. A VRLC attorney researched the state laws, civil rights agency, and state education agency within that jurisdiction to provide that attorney with an alternative complaint option.

25. VRLC has responded to numerous similar inquiries since the RIF and is preparing to receive many more in the months to come.

26. Based on these mounting inquiries to date, as long as OCR remains without half its staff and offices, I expect that VRLC will continue to have to field requests about alternatives to OCR and will need to conduct more research about avenues available in more jurisdictions.

27. Although VRLC will continue to study state and local remedies to meet our obligations to OVW-funded advocates nationwide, its reputation as an expert on remedies for student victims of sexual and gender-based violence will suffer now that OCR is no longer a viable path to relief. VRLC had accumulated expertise on the OCR process through years of experience with that process. VRLC lacks the same expertise about local remedies in other states, and it will be impossible for VRLC to develop it. VRLC does not have offices outside Massachusetts and Oregon and lacks the time, resources, and reach necessary to become an expert on the laws and remedies available in 56 jurisdictions. This will diminish VRLC's value and reputation as a resource for students, families, and professionals across the country.

**The RIF requires VRLC to revise training materials and provide additional trainings**

28. VRLC also provides organization-wide trainings for their lawyers, advocates, professionals and communities about the legal options available to victims of gender-based violence in school. In the short time since the RIF and office closures were announced, VRLC has received multiple requests for new trainings to share updated information about potential

7

complainants' civil rights. In one case, for example, a training was provided as recently as October 2024, but the organization's staff have concerns that the information provided is no longer current.

29. As a result, VRLC will need to create new materials to train lawyers, advocates, and campus professionals about the alternative remedies available in their states. It will also need to conduct additional trainings to educate constituents about the effects of the RIF on OCR and alternative avenues available for victims to obtain remedies for gender-based violence in school. VRLC has already had to revise materials for upcoming trainings, including a virtual institute focused on building capacity for attorneys to represent K-12 survivors in education settings, on account of the RIF, and will need to spend hours revising additional materials in the future.

### The RIF requires VRLC to divert time to revising policies and procedures

30. Another grant condition requires VRLC to deliver consultation to higher education institutions on establishing or strengthening comprehensive approaches to addressing sexual assault, dating violence, and stalking through student disciplinary policies and procedures. VRLC is a technical assistance provider for OVW's Campus Grant Program. In that role, VRLC offers detailed policy and process reviews for the up to 150 institutions that are part of the program. As part of the review process, VRLC ensures that schools have the necessary information about where students can file civil rights complaints in their jurisdiction, including contact information for the regional OCR office, so that schools' policies disclose accurate information to students.

31. Because of the RIF and closure of OCR offices, VRLC will need to identify which institutions are in jurisdictions where OCR offices have been closed and which office is now the appropriate venue for these complaints. This, too, will take time away from other critical tasks.

32. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2025.

*[Signature]*

Stacy Malone, Esq.