IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT EDUCATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-11042-MJJ |

**DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION, OR ALTERNATIVELY TO ISSUE A STAY PENDING APPEAL**

By order dated June 18, 2025, this Court issued a preliminary injunction enjoining Defendants from carrying out the reduction-in-force announced on March 11, 2025 as to the employees of the Department of Education's Office for Civil Rights ("OCR"). Among other directives, this Court ordered Defendants to "stay the termination or elimination, and take all steps necessary to facilitate the return to duty, of all OCR employees whose employment was set to be terminated or otherwise eliminated as part of the reduction-in-force announced on March 11, 2025 to restore the OCR to the status quo such that it is able to carry out its statutory functions," and instructed that "OCR must continue to investigate all complaints alleging violations of federal civil rights laws prohibiting race, sex, and disability-based discrimination under education programs and activities that received federal financial assistance, as mandated by the DEOA, including enforcement of Title VI, Title IX, Section 504 of the Rehabilitation Act of 1973, and Title II." *See Victim Rights Law Center et al. v. United States Department of Education, et al.*, 1:25-civ-11042-MJJ (ECF No. 40 at 42-43) ("Memorandum and Order on Plaintiffs' Motion for Preliminary Injunction"). Since this Court issued its decision, the Supreme

Court issued a stay of a preliminary injunction in two consolidated, related cases also pending before this Court, *New York et al. v. McMahon et al.*, No. 1:25-cv-10601-MJJ and *Somerville Public Schools et al v. Trump*, 1:25-cv-10677-MJJ (collectively "*New York*"). *See Linda McMahon et al., v. New York et al.*, No. 24A1203, 606 U.S. ----, 2025 WL 1922626, at *1 (U.S. July 14, 2025). In granting the stay pending appeal, the Supreme Court determined that Defendants were likely to succeed on the merits, and that the other equitable considerations also militated against preliminary relief.

Regarding the appropriateness of preliminary injunctive relief, there are no pertinent differences between this case and *New York*. The preliminary injunction in this case is functionally a subset of the injunction that this Court entered in *New York* and *Somerville*. The Supreme Court's issuance of the stay in *New York* therefore compels the conclusion that the preliminary relief that this Court previously authorized in this case should not remain in effect while litigation proceeds. Accordingly, this Court should vacate its June 18, 2025 Order to obviate the need for a higher court to again address the same arguments about the same Executive Branch actions in the same agency.

Pursuant to Federal Rule of Civil Procedure 60(b)(5) & (b)(6), Defendants respectfully request that this Court vacate its order granting preliminary injunctive relief dated June 18, 2025.[1] Defendants also request that, because they are currently subject to a preliminary injunction in this case (even though the Supreme Court vacated a similar preliminary injunction in *New York*), the Court expedite consideration of this motion. In the consolidated *New York* matters, this Court issued broader injunctive relief that precluded Defendants from implementing the reduction-in-force throughout the Department of Education, including in OCR. The Supreme Court determined that no preliminary injunctive relief was warranted in *New York*, necessarily determining that the government was likely to succeed on the merits and that the equities favored the government. Given (i) that the parties'

---

[1] A preliminary injunction is a judgment for purposes of Rule 60. *See Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 834 F.Supp.2d 29, 31 (D. Mass 2011).

arguments in *New York* are functionally identical to the arguments in this case; and (ii) that this Court's reasoning in granting the injunction here was the same as it was in *New York* as it relates to OCR, vacatur is appropriate. Simply put, the Supreme Court's stay in *New York* constitutes a sea change in the legal landscape that justifies relief under either the change in circumstances prong of Rule 60(b)(5) or the catch-all prong of Rule 60(b)(6). *See Momenta*, 834 F.Supp.2d 29 at 31 (describing standard for Rule 60 motions).

Although Defendants have not yet filed an appeal of this Court's June 18, 2025 Order, an appeal has been authorized by the Solicitor General of the United States. If this Court is unwilling to vacate its June 18, 2025 Order, Defendants alternatively request that this Court stay its order authorizing preliminary relief pending an appeal.[2]

## ARGUMENT

1. In granting Defendants' stay request, the Supreme Court in *New York* held that "[t]he May 22, 2025 preliminary injunction entered by the United States District Court for the District of Massachusetts, case No. 1:25–cv–10601, is stayed pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." In granting the stay, the Supreme Court necessarily determined that the government was likely to succeed on the merits and the equitable factors. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (weighing injunctive factors and granting stay pending appeal).

2. In support of its request for a stay, Defendants presented both threshold jurisdictional arguments as well as merits arguments to the Supreme Court. Defendants argued that the Plaintiffs (collectively, states, school districts, and teachers' unions) lacked Article III standing to challenge

---

[2] Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), Defendants' notice of appeal is due by August 18, 2025. Defendants intend to file a notice of appeal unless this Court vacates its preliminary injunction. The government is filing this motion in advance of its notice of appeal to avoid any possibility of affecting this Court's jurisdiction to vacate the injunction.

Defendants' contemplated reduction-in-force, that jurisdiction was lacking because Congress created a different, comprehensive framework for resolving legal challenges to federal personnel actions via the Civil Service Reform Act of 1978, and that the District Court lacked jurisdiction to superintend Defendants' management of the Department of Education. Defendants further argued that the remedy that this Court ordered—the reinstatement of approximately 1,400 employees who were subject to the reduction-in-force—unlawfully infringed on Executive's powers under Article II. As to the remaining injunction factors, Defendants argued that this Court's preliminary relief irreparably harmed the Executive Branch, and that the balance of the equities and the public interest both cut in Defendants' favor.

3. In opposing this request, the *New York* and *Somerville* Plaintiffs argued that they did have standing to challenge the reduction-in-force and that they would be irreparably harmed in the absence of preliminary relief. On the merits, the *New York* and *Somerville* Plaintiffs argued that the scope and extent of the reduction-in-force, if implemented, would render Defendants unable to comply with their statutory obligations, thus rendering the restructuring unlawful.

4. By Memorandum Order dated May 22, 2025, this Court accepted Plaintiffs' arguments virtually *in toto*, and rejected Defendants' arguments to the contrary.

5. By granting Defendants' stay request, the Supreme Court necessarily accepted Defendants' arguments that this Court had previously rejected when it issued a preliminary injunction in *New York*. *See, e.g., Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *6 (U.S. June 27, 2025) (citing *Nken* factors and noting for a stay application to be granted, the applicant must make "a strong showing that [it] is likely to succeed on the merits") (internal quotations omitted); *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (weighing injunctive factors and granting stay pending appeal).

6. With respect to OCR, because the parties' arguments in this case in support of and against preliminary relief were nearly identical to their respective arguments in N*ew York*, and because

this Court's reasoning in granting relief as to OCR was the same here as it was in *New York*, no valid reason exists to maintain a preliminary injunction in this case in light of the Supreme Court's contrary determination in *New York*. For these reasons, and in light of the stay entered by the Supreme Court in *New York*, Defendants request that this Court vacate its preliminary injunction in this case. The determination whether a preliminary injunction is warranted, or whether a stay pending appeal of the same are closely related inquiries; both involve analysis of the same equitable considerations. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (noting "particular[]" "functional overlap" between a stay pending appeal and a preliminary injunction"). Inasmuch as the Supreme Court has now resolved that analysis in the government's favor in *New York*, no different result can obtain here. Indeed, the arguments to vacate or stay are stronger in this case than in *New York*, as the preliminary injunction in this case is squarely centered on OCR's prosecutorial discretion. *See United States v. Texas*, 599 U.S. 670, 678 (2023) ("[L]awsuits alleging that the Executive Branch has made an insufficient number of arrests or brought an insufficient number of prosecutions run up against the Executive's Article II authority to enforce the law.")

7.   In the alternative, Defendants request that this Court enter a stay pending appeal, if it becomes necessary for Defendants to file a notice of appeal because the Court has not vacated its preliminary injunction. Courts consider four factors in assessing a motion for a stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo*, 18 F.4th 38, 43 (1st Cir. 2021). When the government is a party, its interests and the public interest "merge." *Nken*, 556 U.S. at 435.

8.   Here, the Supreme Court's decision to grant a stay in *New York* demonstrates that Defendants meet all of the factors for a stay pending appeal. As set forth in Paragraph 2, *supra*,

Defendants addressed all of the stay factors when submitting their stay application in *New York* to the Supreme Court, and the Supreme Court granted a stay. This case is indistinguishable in all pertinent respects, and all of those arguments apply with equal force here. Moreover, maintaining a preliminary injunction in this case regarding OCR, which comprises a substantial portion of the Department of Education's workforce and operations, is inconsistent with the agency-wide stay that the Supreme Court entered in *New York*. Accordingly, if this Court declines to vacate its preliminary injunction (thus necessitating an appeal), it should issue a stay pending appeal.

9. Pursuant to Local Civil Rule 7.1(a)(2), undersigned counsel has conferred with Plaintiffs' counsel regarding this motion. Plaintiffs oppose this motion and oppose expedition of this Court's consideration of this motion.[3]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court vacate its June 18, 2025 preliminary injunction. Alternatively, and if this Court declines to vacate its preliminary injunction, Defendants request that this Court stay its preliminary injunction pending appeal. Defendants also request that this Court issue a decision on this motion as expeditiously as possible.

Respectfully submitted,

Dated: July 21, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel

---

[3] The parties intend to present their positions on the briefing schedule for this motion in the status report to be filed today.

*/s/ Michael Bruns*
MICHAEL BRUNS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4011
Email: michael.bruns@usdoj.gov

*Attorneys for Defendants*

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I conferred with counsel for the Plaintiffs and that the parties were unable to resolve the issues presented by this motion.

Dated: July 21, 2025

                                                          */s/ Michael Bruns*
                                                          MICHAEL BRUNS
                                                          Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants.

Dated: July 21, 2025

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney