# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER; T.R., by and through his parent, TARA BLUNT; TARA BLUNT; A.J., by and through his parent, KAREN JOSEFOSKY; and KAREN JOSEFOSKY, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; and CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:25-cv-11042-MJJ |

## JOINT STATUS REPORT

This parties submit this joint status report pursuant to this Court June 26, 2025 order.

1.      On June 26, 2025, the Court granted the government's assented-to motion to stay their deadline to respond to the Complaint "until the sooner of either (1) 14 days after the preliminary injunctions" in two related cases—*State of New York* v. *McMahon*, No. 25-cv-10601-MJJ (D. Mass.), and *Somerville Public Schools v. Trump*, No. 25-cv-10677-MJJ (D. Mass.)—were "dissolved, modified, or stayed in whole or in part, or (2) 14 days after either the time to seek certiorari expires in the consolidated appeal in *State of New York* or the Supreme Court's disposition of any proceedings resulting from any petition filed in that consolidated case, with the parties to submit a status report for further proceedings within 7 days of either of the above events taking place." Defs.' Mot. to Stay 3-4, Doc. No. 42; *see* Order, Doc. No. 43 (granting motion).

2.      On July 14, 2025, the Supreme Court stayed the injunctions in *State of New York* and *Somerville* "pending the disposition of the appeal in the United States Court of Appeals for the

First Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought."
*McMahon v. New York*, No. 24A1203, 2025 WL 1922626, at *1 (U.S. July 14, 2025). The stay
will terminate automatically if certiorari is denied. *Id.*

3.      This Court's June 18, 2025, preliminary injunction remains in place. *See* Memo.
and Order on Plfs.' Mot. for Prelim. Inj. 42-43, Doc. No. 49.

4.      Because the Supreme Court's order stayed the injunctions in *State of New York* and
*Somerville*, Defendants' deadline to respond to the Complaint in this case is now July 28, 2025.
*See* Defs.' Mot. to Stay 3-4, Doc. No. 42; Order, Doc. No. 43.

5.      Yesterday, Defendants moved to vacate or stay the June 18, 2025 preliminary
injunction due to the Supreme Court's stay in *State of New York*. *See* Doc. No. 48. Plaintiffs will
oppose the motion. The parties agree that Plaintiffs shall have 14 days to file a response to the
motion to vacate or stay.

6.      Defendants also note that, should the injunction not be vacated, Defendants have
been authorized by the Solicitor General to file a Notice of Appeal of the preliminary injunction,
which they intend to do by August 15, 2025.  At a minimum, Defendants therefore respectfully
request that the Court rule on their motion by August 14, 2025.  Nonetheless, and because
Defendants remain subject to a preliminary injunction notwithstanding the Supreme Court's stay
of a broader injunction that Defendants contend rests on indistinguishable legal theories,
Defendants request that the Court resolve Defendants' motion as expeditiously as possible once
briefing has closed.

7.      As explained in their forthcoming response, Plaintiffs do not believe the order in
*State of New York* affects this case because, among other things, (1) a stay order does not change
the law governing other cases, *see Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J.,

concurring); (2) the Supreme Court did not provide any reasoning in its order; and (3) this Court has already found that the differences between this case and *New York* warranted a "separate decision" and injunction "to address the unique harms" the plaintiff students and Victim Rights Law Center "are suffering," which support different arguments for standing and irreparable harm. Memo. and Order on Pls.' Mot. for Prelim. Inj. 1, Doc. No. 49; *see also id.* at 16-22 (analyzing standing issues); *id.* at 34-41 (addressing irreparable harm). Plaintiffs also do not believe that the order in *State of New York* undermines this Court's conclusion that the narrower injunction in this case does not place an undue burden on the government. *See id.* at 41-42. Thus, they do not believe expedition is warranted, particularly given that, by now, in Plaintiffs' view, Defendants should have already restored the affected OCR employees to active duty. *See id.* at 42.

Dated: July 22, 2025

Respectfully submitted,

/s/ Sean Ouellette
Sean Ouellette
Patrick Archer*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
souellette@publicjustice.net

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th Street, Unit 610
Oakland, CA 94612
Phone: (510) 622-8250
lnasrolahi@publicjustice.net

L. Reid Skibell*
Jonathan H. Friedman*
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 970-1600
rskibell@glennagre.com
jfriedman@glennagre.com

*Counsel for Plaintiffs*
*\* Admitted pro hac vice*


BRETT A. SHUMATE
Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Email: michael.bruns@usdoj.gov
Tel: 202-514-4011


*Counsel for Defendants*