# EXHIBIT 2

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER; T.R., by and through his parent, TARA BLUNT; TARA BLUNT; A.J., by and through his parent, KAREN JOSEFOSKY; and KAREN JOSEFOSKY,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; and CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights,<br><br>*Defendants*. | Case No. 1:25-cv-11042-MJJ |

## DECLARATION OF TERRI GONZALES

Pursuant to 28 U.S.C. § 1746, I, Terri Gonzales, hereby declare and state as follows:

1.  I am a resident of Texas. I am over the age of 18 and have personal knowledge of all the facts stated herein. If called as a witness, I could and would testify competently to the matters set forth below.

2.  This declaration is submitted in support of Plaintiffs' Response to Motion to Vacate Preliminary Injunction or Alternatively to Issue a Stay Pending Appeal.

3.  I have been an attorney with the U.S. Department of Education (the "Department"), Office for Civil Rights ("OCR"), since 2010, including as Chief Attorney of the Dallas OCR regional office. In that role, I managed the entire Dallas OCR office as one of a triad of managers to ensure effective, legally sound, and extremely high-quality resolutions of OCR complaints.

4.  As Chief Attorney, I was responsible for hiring and participating in the onboarding process for staff and have personal knowledge of the actions required to reorient and re-onboard

1

the OCR employees subject to the March 11, 2025 reduction in force ("RIF"). Further, I have personal knowledge of the actions the Department has taken, or claims to have taken, to comply with the Court's June 18, 2025 Order granting Plaintiffs' Motion for Preliminary Injunction.

5. I have also reviewed each of the Department's status reports filed in this action to date.

6. The status reports filed by the Department suggest that the RIF is continuing to significantly impede OCR's operations. For example, the most recent report indicates that from March 11 to July 21, OCR received 6,220 complaints, 4,334 of which were dismissed "consistent with OCR's Case Processing Manual." Doc. No. 53-1 at 3. It says that 348 complaints were resolved with voluntary agreements, OCR-mediated settlements, or technical assistance, which is also low for this period of over four months. In the past, OCR would have resolved approximately 200 complaints per month with resolution agreements that required recipients to take substantive steps to address violations or concerns that OCR identified, which would have amounted to approximately 800 resolutions over the same period. The low reported number of substantive resolutions contrasted with the high number of dismissals is a cause for grave concern. Based on my experience, it suggests that OCR is not completing investigations promptly and fairly.

7. Further, the Department could have taken many commonsense actions to reorient and re-onboard the RIF'd OCR employees that, to date, it has not. For example, the Department could have:

  a. Directed its current staff to reissue the RIF'd employees' identification cards, which provide them access to facilities and the Department's computer systems.

  b. Initiated background investigations for any RIF'd employee whose security clearance has lapsed since the RIF.

2

      c. Distributed Department laptops and phones by mail, as it has in the past due to the Department's hybrid work environment.

      d. Made Department work spaces operational and ensured building access for those whose offices are not in federal buildings.

      e. Provided the RIF'd employees with any necessary training regarding new or changed systems since March 2025.

      f. Provided the RIF'd employees with any new points of contact at Department headquarters.

8. Importantly, many of these actions are commonsense steps that I would have expected to occur if the Department intended to undo the RIF.

9. Based on the status reports, however, the Department has done none of these things.

10. None of the claimed issues that the Department has identified in its status reports justify its delay. For example, any lack of physical office space would not prevent OCR employees from returning to work. OCR staff can work, and have worked, fully remotely. For approximately a full year during the COVID-19 Pandemic, almost the entire staff of the OCR Dallas office worked remotely. There is no reason why staff members could not do the same now.

11. There is also no reason the Department could not have returned employees' equipment, including laptops and phones, by now. The equipment that OCR staff members turned in during the RIF bore identifying information that linked each employee's equipment to its user. Therefore, the equipment could simply be reissued to the staff member to whom it belongs.

12. The Department's claims that it has faced delays due to "IT restoration and updating" because it has had to reimage computers and update software do not make sense. Based on my experience, there is no conceivable reason to reimage Department laptops before returning

them to the same employees. Nor is there any reason that the department would need to withhold equipment to update software. In the past, all software updates—including updates to the Windows operating system, were performed remotely overnight.

13. On July 14, 2025, after the Supreme Court issued its decision in *McMahon v. New York*, RIF'd OCR employees, including me, received the email attached to the July 15 declaration of Rachel Oglesby at Doc. No. 47-1. The email stated that the Department "is continuing with the reduction in force (RIF)." It stated: "Following the Supreme Court's decision, your separation date has been adjusted to August 1, 2025." *Id.* It also stated that "OCR employees affected by the *Victim's Rights Law Center, et al. v. United States Department of Education, et al.* will be separately notified of their separation at the appropriate time." *Id.*

14. My belief, based on my firsthand knowledge and years of experience at OCR, is that the Department is not making a good faith effort to reintegrate OCR employees subject to the RIF.

I declare under penalty of perjury that, to the best of my knowledge, the following is true and correct. Executed this 3rd day of August, 2025.

*/s/ Terri Gonzales*
Terri Gonzales

4