UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VICTIM RIGHTS LAW CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 25-11042-MJJ |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON DEFENDANTS' MOTION TO VACATE OR ALTERNATIVELY STAY THE PRELIMINARY INJUNCTION PENDING APPEAL**

August 13, 2025

JOUN, D.J.

On June 18, 2025, I issued a Preliminary Injunction Order enjoining Defendants from carrying out a large-scale reduction-in-force ("RIF") in the Department of Education, which resulted in the closure of seven of twelve offices in the Department's Office of Civil Rights ("OCR") and resulted in the termination of half of the OCR's employees. [Doc. No. 40]. I found that Plaintiffs—two students and their parents with investigations before the OCR and a non-profit organization dedicated to serving the legal needs of victims of gender-based violence—were likely to succeed on the merits of their claims that the RIF was *ultra vires* and violated the APA. I ordered Defendants to stay the termination of OCR employees, restore the OCR to the status-quo such that it can carry out its statutory functions, and ensure that the OCR continues to investigate all complaints alleging violations of federal civil rights laws.

This case is related to another case brought by a group of states, school districts, and teachers' unions that more broadly challenges the RIF as it applies to the Department's functions in their entirety, *New York v. McMahon*, No. 25-cv-10601. In that case, I also issued a preliminary injunction enjoining the RIF as it applied to the Department as a whole. Defendants appealed the injunction issued in *New York* to the First Circuit, which denied its application for a stay of the injunction pending appeal. *See* [25-cv-10601, Doc. No. 141]. Although this case and *New York* are related, I issued a separate Preliminary Injunction Order to address the unique harms that Plaintiffs alleged arose from their reliance on the OCR. On July 14, 2025, after I issued the injunction in this case, the Supreme Court granted Defendants' motion to stay the preliminary injunction issued in *New York*. *See McMahon v. New York*, No. 24A1203, 2025 WL 1922626, at *1 (U.S. July 14, 2025). Based on the Supreme Court's issuance of the stay in *New York*, Defendants move this court to stay the Preliminary Injunction Order issued here or alternatively stay the Order pending appeal. [Doc. No. 48]. Defendants present two arguments for why vacatur or a stay are appropriate: first, that the Supreme Court granted the stay in a related case, and second, that the two related cases are "indistinguishable in all pertinent respects." [Doc. No. 48 at 6]. I am unconvinced by either argument.

First, contrary to Defendants' assertions, the Supreme Court did not make any explicit findings as to whether Defendants were likely to succeed on the merits or that "other equitable considerations also militated against preliminary relief," or provide any other reasoning or explanation as to the basis for granting the stay. [Doc. No. 48 at 2]. "Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001) (citation omitted). The Supreme Court's stay order does

2

not present an exceptional circumstance warranting vacatur under either Rule 60(b)(5) or (b)(6), which would permit relief from the Order where it is "no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (b)(6). The Supreme Court itself has stated that a "stay order is not a ruling on the merits, but instead simply stays the District Court's injunction *pending a ruling on the merits*." *Merrill v. Milligan*, 142 S. Ct. 879 (2022) (emphasis in original). Similarly, here, the Supreme Court's unreasoned stay order issued on its emergency docket "does not make or signal any change" in controlling law warranting the relief that Defendants request. *Id.*

Second, the two cases are not identical merely because Defendants raised the same defenses in both cases or because Plaintiffs brought similar causes of action. As I explained in the preliminary injunction decision, Plaintiffs have detailed—through declarations and affidavits—the unique harms that they have suffered due to the closure of the OCR. The two student plaintiffs faced severe discrimination and harassment in school and were depending on the OCR to resolve their complaints so that they could attend public school.[1] The Victim Rights Law Center similarly depends on the OCR's expertise to assist its clients who are victims of gender-based violence. *See* [Doc. No. 55 at 16-18]. The distinct factual circumstances presented here go to issues such as standing and irreparable harm as well as Defendants' defenses thereto, which cannot be lumped in with *New York* to justify relief from the Preliminary Injunction Order issued here.

---

[1] Plaintiff A.J.'s complaint against the school district was resolved through a private mediation process that concluded on July 24. As a result of the settlement, he must withdraw his OCR complaint. [Doc. No. 55 at 18 n.13]. While Plaintiff A.J. may no longer have standing to sue, the remaining Plaintiffs' claims are live and do not impact my decision regarding vacatur here. *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 52 n.2 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.").

I also decline to stay the order pending appeal. In assessing the merits of a motion to stay a preliminary injunction pending appeal, reviewing courts consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). For the same reasons explained in the Preliminary Injunction Order, Defendants have not demonstrated that the equities cut in their favor or that they will be harmed absent a stay, especially given that they have not substantially complied with the Preliminary Injunction Order. *See* [Doc. No. 55-1 (indicating that the Department will continue to carry out the RIF without making any particular exemption as to the OCR); Doc. No. 55-2 (declaration of Chief Attorney at the OCR stating that OCR employees have still not returned to work following the Preliminary Injunction Order and that the RIF has continued to impede OCR's ability to resolve complaints in a timely or efficient manner)].

Thus, I <u>DENY</u> Defendants' Motion.


SO ORDERED.

                                                      /s/ Myong J. Joun
                                                      United States District Judge