IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT EDUCATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-11042-MJJ |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

This Court should dismiss Plaintiffs' Complaint. The Supreme Court's recent stay in *New York v. McMahon* raises substantial questions regarding the continued viability of this lawsuit.[1] But even setting that decision aside, Plaintiffs have failed to demonstrate that they have standing, much less state a claim upon which relief can be granted.

## ARGUMENT

### I. The Supreme Court's Stay in New York Justifies Dismissal of this Lawsuit

Plaintiffs argue that "an order granting a stay on the Supreme Court's emergency docket that does not address a single issue on the merits 'does not make or signal any change' in the 'law.'" ECF 58 at 4-5. But as Defendants explained in their previous filings, the Supreme Court could not have stayed the injunction in *New York* without determining that the Government was likely to succeed on the merits. *See* ECF 57 at 3-4; *see also, e.g., Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (holding a stay applicant must show a likelihood of success on the merits, a reasonable probability of obtaining certiorari, and a likelihood of irreparable harm). For the same reason, the Supreme Court's stay justifies dismissal of this lawsuit.

Plaintiffs fail in their attempt to distinguish *New York* from *Gateway City Church v. Newsom*, 141 S. Ct. 1460 (2021), which stands for the unremarkable proposition that Supreme Court orders should be heeded by lower courts. ECF 58 at 5. In *Gateway City*, the Supreme Court noted that an interim order in *S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716, 716-20 (2021), dictated the outcome in *Gateway City*. Plaintiffs argue that *Gateway City* is different from *New York* because *S. Bay United Pentocostal Church* had concurring opinions. No matter: the Supreme Court in *Gateway City* did not refer to those concurring opinions, instead directly and succinctly stating that the outcome was

---

[1] Defendants acknowledge that this Court recently declined to vacate or stay its preliminary injunction in this case. *See* ECF No. 60.

"clearly dictated by this Court's [prior] decision." *Gateway City Church v. Newsom*, 141 S. Ct. 1460 (2021).  It was the "decision" itself (which did not have an opinion) that mattered.

Plaintiffs also argue that the precedential effect of *New York* should not apply to this case because there are differences between *New York* and this case.  In making this argument, Plaintiffs cite to their Response to Defendants Motion to Vacate (ECF 55).  ECF 58 at 5-6. But for the reasons Defendants explained in their Reply in Support of their Motion to Vacate, the differences between this case and *New York* are immaterial.  ECF 57 at 1-3.  If anything, the narrower scope of claims in this lawsuit—which is functionally a subset of the *New York* lawsuit—make the stay in *New York* particularly applicable when evaluating the continued viability of this lawsuit.

## II.     Plaintiffs Lack Standing

Plaintiffs argue that they have standing because the deprivation of equal educational opportunity is a concrete harm, and that harm will not be abated while OCR allegedly stalls their investigations.  ECF 58 at 7.  Setting aside that one of the individual plaintiff's complaint with OCR has now been resolved and is therefore moot, *see* ECF No. 58 at 6 (noting A.J. has resolved his claims with his school), any such harm cannot be redressed by reversing the RIF at OCR.  As stated in Defendants' Motion to Dismiss, the Executive Branch has "exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974); *see also* ECF 55 at 7.  Even with full staffing, Plaintiffs would have no right to compel OCR to act on their complaints, much less a right to a particular outcome in OCR proceedings.

Plaintiffs also allege that VRLC has suffered organizational harm because it can no longer engage in direct client representation before OCR.  ECF 58 at 9.  As explained in Defendants' Motion to Dismiss, VRLC can continue to provide direct representation in different forums.  *See* ECF 52 at 7.  Similarly, Plaintiffs allege that the diversion of resources to new tasks due to the RIF, such as investigating alternative administrative remedies, training materials, and identifying new

venues, is a cognizable injury. ECF 58 at 10. However, a plaintiff organization does not have standing merely because it "diverts its resources in response to a defendant's actions." *All. for Hippocratic Med.,* 602 U.S. at 395. Rather, a plaintiff organization must show that the defendant's "actions directly affected and interfered with [plaintiff's] core business activities—not dissimilar to a retailer who sues a manufacturer for selling defective goods to the retailer." *Id.* Here, VRLC's core business, as alleged by Plaintiffs, is that it provides direct representation to victims of sexual violence. ECF 58 at 9. And it appears that by searching for alternative administrative remedies and forums, it is continuing in its core business activity.

### III.  Plaintiffs' Claims Should Be Channeled Pursuant to the CSRA

Plaintiffs are wrong in asserting that their claims are not channeled by the CSRA. First, they argue that channeling would foreclose all meaningful judicial review of their claims. ECF 58 at 11. To the extent the RIF may affect Plaintiffs' rights or duties, the regulations governing these types of actions may allow Plaintiffs the opportunity to intervene. *See* 5 C.F.R. § 2423.22. But even if Plaintiffs could not ultimately bring the claims they raise here, there is no rule that every plaintiff must be able to bring every claim. Plaintiffs also argue that their claims are collateral to claims that the MSPB and FLRA customarily handle. ECF 58 at 13. As explained in Defendants' Motion to Dismiss, those counts are merely employment claims by another name, and Plaintiffs should not be able to avoid channeling through crafty pleading. ECF 52 at 12-13.

### IV.  The Department has the Discretion Reduce Headcount in OCR

At bottom, Plaintiffs' lawsuit is an improper programmatic attack on how the Department runs OCR. *See* ECF 52 at 13-16. In response, Plaintiffs assert that RIFs are reviewable by courts, and cite *Dugan v. Ramsey*, 727 F.2d 192 (1st Cir. 1984), *Nat'l Treasury Emps. Union v. Vought*, 774 F. Supp. 3d 1 (D.D.C. 2025), and *Markland v. OPM*, 140 F.3d 1031 (Fed. Cir. 1998). But each of these are distinguishable or are no longer good law. *Dugan* involved an employment action that was not

covered by the CSRA. 727 F.2d at 195. In *NTEU*, the preliminary injunction issued by the district court was recently vacated by the D.C. Circuit, which found that plaintiffs' claims were not viable, regardless of whether they were brought pursuant to the APA or equitable principles. *Nat'l. Treas. Emps. Union v. Vaught*, No. 25-5091, slip op. 17-18 (D.C. Cir. Aug. 15, 2025); *see also id.* at 49. And *Markland* was originally before the MSPB and on review in the Federal Circuit. 140 F.3d at 1033-36.

Plaintiffs also argue that the Secretary does not have the authority to perform RIFs within OCR. ECF 58 at 17-18, 20. However, the statute relied upon by Plaintiffs merely states that the Secretary may not "establish, consolidate, alter, or discontinue… any office, bureau, unit, or other entity transferred to the Department and established by statute or any function vested by statute in such an entity or officer of such an entity." 20 U.S.C. § 3473. OCR still exists, and has not been altered, discontinued, or consolidated. In fact, another statute vests the Secretary with administrative power over OCR. 20 U.S.C. § 3413(a) ("the Secretary shall delegate to the Assistant Secretary for Civil Rights all functions, other than administrative and support functions"). Hiring and firing are quintessential administrative activities.

Finally, Plaintiffs argue that the mandate to "effectuate" Title VI and Title IX's provisions give the Court a benchmark to review OCR's enforcement activity and, subsequently, this RIF. ECF 58 at 18-19. Even if Plaintiffs are correct (and they are not), this Court could only review whether OCR was effectuating these laws, and fashion a remedy to cause OCR to effectuate these laws. Plaintiffs did not bring these claims; they brought employment claims. The provisions cited by Plaintiffs do not give the Court the ability to review headcount or personnel actions within OCR.

## CONCLUSION

Plaintiffs' Complaint should be dismissed.

Respectfully submitted,

Dated: August 18, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel

<u>/s/ Michael Bruns</u>
MICHAEL BRUNS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4011
Email: michael.bruns@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants.

Dated: August 18, 2025

                                               */s/ Michael Bruns*
                                               Michael Bruns
                                               Trial Attorney