UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUTTES

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 25-11042-MJJ |

## DECLARATION OF STEVEN SCHAEFER

1. My name is Steven Schaefer. I make this Declaration based on my own personal knowledge, on information contained in the records of the U.S. Department of Education ("Department"), and/or on information provided to me by Department employees.

2. I am currently employed as Deputy Assistant Secretary for Policy in the Department's Office for Civil Rights ("OCR"), headquartered in Washington, D.C. I began my service at the Department on February 24, 2025.

3. In my role at the Department, I have the following responsibilities:

    a. I assist the Acting Assistant Secretary for Civil Rights, Craig Trainor, with his duties and responsibilities managing and running OCR.
    b. I advise the Acting Assistant Secretary and senior Department leadership on matters of civil rights policies, including administrative enforcement actions and strategies.
    c. In my role I keep abreast of legal proceedings directly affecting OCR, its policies, and its operations.

4. I am familiar with the previous declarations submitted by Department Chief of Staff Rachel Oglesby in the cases of *New York v. McMahon*, Case No. 25-10601-MJJ and *Somerville Public Schools v. Trump*, Case No. No. 25-10677-MJJ, on June 3, 2025, June 10, 2025, June 17, 2025, June 24, 2025, July 1, 2025, and July 8, 2025, the latter two of which included compliance information specific to the preliminary injunction issued by this Court on June 18, 2025 regarding the Department's Office for Civil Rights (the "OCR Order"), and the further declarations of Rachel Oglesby submitted in this case regarding the OCR Order on July 15, July 22, 2025, July 29, 2025, August 5, 2025, and August 12, 2025. I incorporate herein by reference the statements made in those prior declarations (the "Oglesby Declarations"). Due to the stay ordered by the United States Supreme Court issued on July

14, 2025, in the aforementioned *New York* and *Somerville* cases, this declaration addresses compliance activities specific to the OCR Order.

5. I participate as a senior Department official, specifically as an OCR representative, in the ad hoc committee described in the Oglesby Declarations.

6. Senior officials from the ad hoc committee described in Oglesby Declarations held discussions on August 14, August 15, August 18, and August 19, 2025, addressing OCR-specific further reintegration activities required to comply with the OCR Order. By August 19, 2025, the Department:
   - Finalized a schedule, and timing for the precedent and concurrent IT and logistics steps necessary, for the Department to return to active duty, via remote-work status, as compelled by the OCR Order, the approximately 264 OCR employees who received RIF notices on March 11, 2025, who have not to the Department's current knowledge voluntarily separated from employment, in a manner that is legally compliant, technologically feasible, and managerially and operationally nondisruptive. That schedule is as follows:
     - Approximately 25 employees will return to active duty on or about September 8, 2025;
     - Approximately 60 employees will return to active duty on or about September 22, 2025;
     - Approximately 60 employees will return to active duty on or about October 6, 2025;
     - Approximately 60 employees will return to active duty on or about October 20, 2025;
     - Approximately 60 employees will return to active duty on or about November 3, 2025.
       - Notification of return dates will be sent to employees approximately 7-10 days prior to return dates, consistent with the above schedule.
       - Prior to each employee group's return to active duty, the Department will, among other activities:
         - Confirm whether any such employees have voluntarily separated from employment or accepted outside employment that precludes return to active duty, as not all employees responded to the voluntary surveys described in previous Oglesby Declarations.
         - Communicate with the employees in each group regarding shipment and receipt of updated government-furnished equipment (GFE).
         - Work with the employees individually to complete required security and similar online training with or without yet having GFE.
         - Determine whether telework agreements must be in place for individual employees to work remotely rather than be required (at least initially) to return to physical office buildings.
         - Arrange individually with employees for issuance of replacement PIV cards (personal identity verification), which generally will require the employee to visit a government office building to complete this task.

- ▪ Finalize within OCR work assignments and supervisor/reporting assignments for each group of returning employees.
- Continued to pay the salaries and benefits of OCR employees who received RIF notices on March 11, 2025, and have been on paid administrative leave since March 21, 2025, at a cost to the Department of nearly $1 million per week.
- Ensured that OCR continues to process, investigate, and resolve complaints:
    - From March 11 to August 18, 2025, OCR received 7,231 complaints; opened 447 for investigation; opened 31 directed investigations; dismissed 4,999 complaints consistent with OCR's Case Processing Manual; resolved 115 complaints after investigation concluded insufficient evidence for findings; and resolved 413 complaints with voluntary agreements, OCR-mediated settlements, or technical assistance from OCR to ensure a recipient's digital resources are accessible to students with disabilities.

*\*\*\**

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC this 19th day of August, 2025.

_____
Steven Schaefer