UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER; A.J., by and through his parent, KAREN JOSEFOSKY; KAREN JOSEFOSKY; TARA BLUNT; AMY COOK; and T.R., by and through his parent, TARA BLUNT, and M.C., by and through her parent, AMY COOK, on behalf of themselves and all others similarly situated.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; and KIMBERLY RICHEY, in her official capacity as Assistant Secretary for Civil Rights,<br><br>*Defendants*. | Case No. 1:25-cv-11042-MJJ |

**ASSENTED-TO MOTION FOR INDICATIVE RULING UNDER RULE 62.1
AND TO DISSOLVE PRELIMINARY INJUNCTION**

Plaintiffs respectfully request that this Court (1) enter an indicative ruling stating that the Court would dissolve the preliminary injunction in this case (Doc. No. 40) if the First Circuit remands for that purpose and (2) dissolve the preliminary injunction if the First Circuit remands. *See* Fed. R. Civ. P. 60(b)(5); Fed. R. Civ. P. 62.1. On September 30, 2025, the First Circuit stayed the preliminary injunction pending appeal. Because the appeal is unlikely to conclude before this case reaches final judgment, the injunction is likely to remain stayed until then. As a result, the existing preliminary injunction no longer serves its intended purpose, and the parties agree it should be dissolved to permit the parties to focus on reaching an expeditious resolution of this case before this Court. *See* Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1, *New*

*York v. McMahon*, Case No. 1:25-10677-MJJ, Doc. No. 52 (entering an indicative ruling for similar reasons after the Supreme Court stayed preliminary injunction pending appeal).

## BACKGROUND

On March 11, 2025, the Secretary of Education initiated a reduction in force ("RIF") that eliminated half the workforce of the U.S. Department of Education's Office for Civil Rights ("OCR") and closed most of its regional offices. *See* Mem. and Order on Pls.' Mot. for Prelim. Inj. 1, 10, Doc. No. 40. On June 18, this Court entered a preliminary injunction that paused the RIF and required OCR to restore the affected staff pending a final decision. *See id.* at 2-3, 42-43.

On July 14, in a summary order, the Supreme Court stayed a different preliminary injunction this Court had entered in *McMahon v. New York*. 145 S. Ct. 2643 (2025). That injunction had blocked the March RIF as to the entire Department of Education. *See id.*

Based on the Supreme Court's *McMahon* order, on September 20, the First Circuit stayed the preliminary injunction in this case. *Victim Rts. L. Ctr. v. United States Dep't of Educ.*, 154 F.4th 5, 6 (1st Cir. 2025). In doing so, the court reiterated that the Supreme Court interim orders like the one in *McMahon* are "not conclusive as to the merits" of a case. *Id.* at 8 (quoting *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025)). Nonetheless, such interim orders "inform how a court should exercise its equitable discretion in like cases." *Id.* (quoting *Boyle*, 145 S. Ct. at 2654). Holding that the overlapping facts and arguments in this case and *McMahon* made the two cases sufficiently "[a]like" for purposes of an interim stay, the First Circuit held that the Supreme Court's stay in *McMahon* required a similar stay in this case. *Id.* at 4-6.

In a concurring opinion, however, Judge Aframe made clear that *McMahon* will not control the final judgment in this case. "[W]hile the unreasoned order in *McMahon* was essential to resolving the government's stay appeal," he wrote, "that order's import will be limited as this case

moves ahead." *Victim Rts. L. Ctr.*, 154 F.4th at 11 (Aframe, J., concurring). Although the appeal of the preliminary injunction remained pending, Judge Aframe predicted that, as a practical matter, the First Circuit would not "confront this case again" until "after the district court"—this Court— "has issued a final decision on the merits." *Id.* "At that point," he confirmed, "the legal question will not be governed" by the Supreme Court's precedents on interim stays or the Supreme Court's order in *McMahon*. *Id.* Indeed, "[t]he Supreme Court's unreasoned stay order in *McMahon* will have little to do with deciding th[e] ultimate question" in this case. *Id.*

Following the First Circuit's decision, the parties agreed on a course of action similar to the approach this Court approved in *McMahon*: Plaintiffs agreed to file this motion, and the parties agreed to take steps to facilitate the just and expeditious resolution of this case before this Court. In particular: (1) the government consents to the filing of the amended complaint; (2) the government will produce the administrative record within 21 days of the filing of the amended complaint; (3) the parties will promptly propose a schedule for the remainder of the case; (4) the government need not file an answer to the amended complaint; (5) the government will not move to dismiss the case before summary judgment.[1]

On November 5, with the plaintiffs' consent, the government moved to hold the appeal in abeyance while the parties pursued the dissolution of the preliminary injunction. Assented-to Mot. to Hold Appeal in Abeyance, *Victim Rights Law Center v. U.S. Dep't of Educ.*, No. 25-1787 (1st Cir. Nov. 5, 2025). The government pledged to promptly notify the First Circuit about this Court's decision on the present motion for an indicative ruling. *See id.* at 2. The First Circuit granted the motion on November 26, 2025. Order, *Victim Rights Law Center*, No. 25-1787 (1st Cir. Nov. 26, 2025). The court ordered the government to "file a status report or appropriate motion with [the

---

[1] The government will not rely on the absence of an answer as a basis to object to discovery.

First Circuit] either (i) seven (7) days after the issuance of any indicative ruling by the district court or (ii) thirty (30) days after the entry of [the First Circuit's] order, whichever date is earlier." *Id.*

## ARGUMENT

A district court may revise its own interlocutory orders at any time before final judgment. Fed. R. Civ. P. 54(b). And under Rule 60(b)(5), a district court may dissolve an injunction when "it is no longer equitable" that the injunction "should have prospective application" because there has been a "significant change in either the factual conditions or the law." *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008) (first quoting Fed. R. Civ. P. 60(b)(5), then quoting *Agostini v. Felton,* 521 U.S. 203, 215 (1997)).

Because the government has appealed the preliminary injunction, this Court likely lacks jurisdiction to dissolve the injunction now. But Rule 62.1 allows this Court to issue an indicative ruling regarding "relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). The indicative ruling may "state either that [the district court] would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). "The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(b).

This Court used a similar procedure to dissolve the preliminary injunction in *New York v. McMahon*. There, as here, the parties agreed that this Court should dissolve the preliminary injunction because, among other reasons, the parties intended "to focus their immediate efforts on expeditious resolution of the merits in district court," and there was "a significant possibility that [this Court would] enter final judgment before the existing . . . stay expire[d]." Mem. in Supp. Mot. to Vacate and for an Indicative Ruling, *New York v. McMahon*, No. 1:25-10601, Doc. No.

4

164. Accordingly, this Court indicated that it would dissolve the injunction if the First Circuit were to remand for that purpose. *See* Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1, *New York v. McMahon*, No. 1:25-10677-MJJ, Doc. No. 52. In lieu of remand, the First Circuit dismissed the appeal and promptly issued the mandate so that this Court could grant the contemplated relief. Order, *New York v. McMahon*, No. 25-1495 (1st Cir. Sept. 17, 2025). This Court soon dissolved the preliminary injunction and approved a proposed schedule by which the litigation would likely proceed to summary judgment motions in early 2026. *See* Order, *New York v. McMahon*, No. 1:25-10677-MJJ, Doc. No. 170 (approving schedule); Order, *New York v. McMahon*, No. 1:25-10677-MJJ, Doc. No. 179 (dissolving injunction).

As the government noted in its motion to hold the First Circuit appeal in abeyance, the proposed approach here "is functionally identical to that pursued by the parties in M*cMahon* . . . ." Assented-to Mot. to Hold Appeal in Abeyance 2 n.1, *Victim Rights Law Center v. U.S. Dep't of Educ.*, No. 25-1787 (1st Cir. filed Nov. 5, 2025). As in *McMahon*, the parties intend to propose a schedule by which this case will proceed to final judgment before the First Circuit would likely resolve the appeal from the preliminary injunction. As a result, the preliminary injunction would likely remain stayed until this Court issues a final ruling on the merits, a ruling that would moot the appeal. The dissolution of the preliminary injunction would permit the parties to focus their efforts on the expeditious resolution of this case before this Court, rather than on an appeal that would likely become moot before it runs its course. Given these practical realities, although Plaintiffs continue to believe this Court properly entered the preliminary injunction, the equities and public interest would be best served if the Court dissolves that existing injunction.

**CONCLUSION**

Plaintiffs respectfully request that this Court issue an indicative ruling stating that the Court would grant Plaintiffs' motion to dissolve the preliminary injunction if the First Circuit were to remand for that purpose. Should the Court issue the requested indicative ruling, the parties would promptly notify the First Circuit of that ruling and seek a remand under Federal Rule of Appellate Procedure 12.1. Plaintiffs further request that, on remand, this Court dissolve the preliminary injunction pursuant to Federal Rule of Civil Procedure 60(b)(5).

Respectfully submitted,

December 10, 2025

/s/ Sean Ouellette
Sean Ouellette
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
souellette@publicjustice.net

L. Reid Skibell
Jonathan H. Friedman
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 970-1600
rskibell@glennagre.com
jfriedman@glennagre.com

## CERTIFICATE OF SERVICE AND RULE 7.1 CERTIFICATION

I hereby certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified in the Notice of Electronic Filing.

I further certify that I conferred with the government concerning this motion, and the government consents to the requested relief.

*/s/ Sean Ouellette*
Sean Ouellette